**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

IN RE: DWIGHT'S PIANO COMPANY,
DEBTOR

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, on its own behalf and on behalf
of Dwight's Piano Company, et al.,

           Plaintiffs,

-vs-

KAREN L. HENDRICKS, et al.,

           Defendants.

Case No. 1-:04-CV-066

(formerly Bankruptcy Court
Case No. 01-13951; Adversary
Proceeding No. 02-1158)

Judge Thomas M. Rose

_____

**ENTRY AND ORDER OVERRULING DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. #12)**
_____

Now before the Court is the Motion of Defendants' for Reconsideration of the Court's Entry and Order of March 16, 2005 (the "Order") With Respect To Unsecured Creditors' Claim. (Doc. #12.) This Motion is now fully briefed and ripe for decision.

The Plaintiffs in this action were initially the Official Committee of Unsecured Creditors of Baldwin (the "Unsecured Creditors") and four alleged Baldwin shareholders. The Shareholder Plaintiffs are Bolero Investment Group, Inc., The Cameron Baird Foundation, Franklin Microcap Value Fund and Mission Bay Investments, Inc.

The Defendants in this action are Joseph H. Head, Jr. ("Head"), George E. Castrucci ("Castrucci"), Roger L. Howe ("Howe"), William B. Connell ("Connell"), John H. Gutfreund ("Gutfreund"), James T. Heffernan ("Heffernan") (collectively the "Director Defendants") and

Karen L. Hendricks ("Hendricks") who was both a director and officer of Baldwin.[1] In addition to serving as a Director, Hendricks served as CEO and President of Baldwin beginning in 1994 to November of 2001.

Plaintiffs' First Amended Complaint ("FAC") identified three Claims for Relief. The First Claim for Relief was brought by all Plaintiffs against all Defendants for breach of fiduciary duty. The Second Claim for Relief was brought by the Shareholder Plaintiffs against all Defendants for violations of Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC"). The Third Claim for Relief was brought by the Shareholder Plaintiffs against Hendricks for violations of Section 20(a) of the Exchange Act.

This Court entered the Order that is the subject of Defendants' Motion for Reconsideration pursuant to the Defendants' Motions To Dismiss.[2] The Order dismissed the First Claim for Relief to the extent that it was brought by the shareholder Plaintiffs. The Second and Third Claims for Relief were dismissed in their entirety. The Unsecured Creditors First Claim for Relief remained to be adjudicated. (Doc. #9.)

The Defendants now ask the Court to reconsider the Order. The Defendants argue that the Court's findings with regard to the securities fraud claim (the Second Claim for Relief) are fatal to the Unsecured Creditors' breach-of-fiduciary-duty claim (the First Claim for Relief). The Defendants point out that the Court determined that certain alleged misstatements were immaterial with regard to the securities fraud claim and, therefore, dismissed the securities fraud

---

[1] Hendricks and the Director Defendants are collectively referred to herein as the "Defendants."

[2] The Order is mistakenly captioned as an Entry and Order regarding Defendants' Motions for Summary Judgment but the Motions and the Order actually address the Defendants' Motions To Dismiss.

claim. They now argue that materiality is a requirement for a common-law breach-of-fiduciary-duty claim and these same alleged misstatements do not satisfy the materiality requirement.[3] Therefore, according to the Defendants, the breach-of-fiduciary-duty claim must also fail. In addition, the Defendants seek reconsideration of the Court's determination that the breach-of-fiduciary-duty claim was not subject to Fed.R.Civ.P. 9(b).

The Unsecured Creditors oppose the Defendants' Motion for Reconsideration because it is untimely and because the common law breach-of-fiduciary-duty claims are not subject to the heightened pleading requirements of federal securities fraud claims. In the alternative, the Unsecured Creditors and the shareholder Plaintiffs move the Court to reconsider the dismissal of their Second and Third Claims for Relief.

Timeliness of Motion for Reconsideration

The Unsecured Creditors argue that a motion for reconsideration is generally treated as a motion to amend or alter judgment pursuant to Fed.R.Civ.P. 59(e). *See*, *Chrysler Motors Corp. V. Country Chrysler, Inc.*, 884 F.2d 578, 1989 WL 100084 (6${}^{th}$ Cir. 1989). Further, Rule 59(e) requires that a motion to alter or amend judgment be filed no later than ten (10) days after entry of the judgment. Fed.R.Civ.P. 59(e). The Unsecured Creditors then conclude that, since the Defendants' Motion was filed thirty (30) days after entry of the judgment, it is time barred as a Rule 59(e) motion.

The Unsecured Creditors next argue that a motion for reconsideration that is filed outside the time permitted by Rule 59(e) may be construed as a motion for relief from judgment pursuant

---

[3]The Defendants' Motions To Dismiss did not ask that the breach-of-fiduciary-duty claims be dismissed because the allegations thereof are immaterial.

to Rule 60(b). *Donaldson v. Central Michigan University*, 109 Fed. Appx. 15, 18, 2004 WL 1745783 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 1673 (2005). Yet, Rule 60(b) requires that final judgment be entered before relief is requested. *Id.* at 19. Therefore, according to the Unsecured Creditors, since the Order does not constitute final judgment, the Defendants' Motion cannot be considered as a Rule 60(b) motion either.

The Court agrees that the Defendants' Motion cannot be considered as a Rule 59(e) or a Rule 60(b) motion because neither Rule 59(e) or Rule 60(b) apply to interlocutory orders. *See*, *Leelanau Wine Cellars Ltd. V. Black & Red, Inc.*, 118 Fed. Appx. 942, 945-46, 2004 WL 3008778 (6th Cir. 2004); *Donaldson* 109 Fed. Appx. at 19. However, trial courts have the inherent power to reconsider interlocutory orders at any time before final judgment. *Leelanau*, 118 Fed. Appx. at 945.

Since the Order does not provide for final judgment on the entire FAC, the Order is interlocutory. Since the Order is interlocutory, it may be reconsidered by the Court at any time before entry of final judgment, and the Court elects to reconsider the Order at this time. Having determined that the Order will be reconsidered, the analysis turns to what pleading standard should be applied to the First Claim for Relief.

## The Pleading Standard

In the Order, this Court relied upon pleading standards set forth in Delaware law because Plaintiffs' breach-of-fiduciary-duty claim was brought pursuant to Delaware law. The Court cited *Loudon v. Archer-Daniels-Midland Company*, a Delaware Supreme Court case, for the proposition that claims alleging breach of the duty of disclosure need not be pled with the particularity required by Fed.R.Civ.P. 9(b). 700 A.2d 135, 140 (Del. 1997).

The Court has now concluded that reliance on state law for the pleading standards for claims brought in Federal court is incorrect. The Court now agrees that, as both parties have argued, Federal pleading standards apply to state-law claims brought in a Federal court. *See*, *Minger v. Green*, 239 F.3d 793,800 (6th Cir. 2001); *In re Tower Air, Inc.*, 416 F.3d 229, 236 (3rd Cir. 2005). Having determined that Federal pleading standards apply, the next issue becomes which Federal pleading standard applies to Plaintiffs' First Claim for Relief.

Plaintiffs' First Claim for Relief is a common-law claim for breach of fiduciary duty. Therefore, the issue is which Federal pleading standard applies to Plaintiffs' breach-of-fiduciary-duty claim.

Common-law breach-of-fiduciary-duty claims filed in Federal courts must comply with the specificity requirements of Rule 9(b) where the breach of fiduciary duty is based upon alleged fraud. *Mulbarger v. Royal Alliance Associates, Inc.*, 10 Fed. Appx. 333, 2001 WL 549441 at **2 n.1 (6th Cir. 2001). Rule 9(b) requires that the fraud be pled with particularity. To satisfy this requirement, the complaint must give defendants notice of the nature of the claims. *In re United States Shoe Corporation Litigation*, 718 F.Supp. 643, 645-46 (S.D.Ohio 1989). "At a minimum, plaintiff must allege the time, place and contents of the misrepresentations upon which he relied as well as the identity of the person making the misrepresentations." *Id.* at 646 (quoting *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). However, "[p]laintiff need only plead the circumstances of the fraud with particularity, not the evidence of fraud." *Id.*

Where the breach-of-fiduciary-duty claim is not based upon alleged fraud, the pleading requirement set forth in Fed.R.Civ.P. 8 applies, particularly when the claims are based upon Delaware law, as is the case here. *In re Tower Air, Inc.*, 416 F.3d 229, 236-37 (3rd Cir. 2005).

Rule 8 does not include a specificity requirement and does not set forth a heightened pleading standard as does Rule 9. *Id.* Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* n.9   If more facts, beyond making a claim, are necessary to resolve or clarify the disputed issues, the parties may avail themselves of discovery mechanisms. *Id.* at 237.

In sum, where the common-law breach-of-fiduciary-duty claim is based upon a special matter such as fraud, the pleading requirements of Rule 9(b) apply. Otherwise the pleading requirements of Rule 8 apply.

Turning now to the issues raised in Defendants' Motion for Reconsideration,  the Court addressed only one of several breach-of-fiduciary-duty claims in the Order and concluded that it survived the Motion To Dismiss. The breach-of-fiduciary-duty claim addressed in the Order is an alleged misrepresentation that Hendricks and the Director Defendants announced that "the goal of restoring Baldwin to profitability is close at hand." (FAC ¶116.) The announcement was allegedly made on February 28, 2001, and is supported by another allegation that evidences that Director Defendants knew that there was a financial crisis at Baldwin when they publicly state that "the goal of restoring Baldwin to profitability is close at hand."

A breach-of-fiduciary-duty claim based upon a misrepresentation is essentially a claim of fraud. A breach of fiduciary duty based upon a misrepresentation occurs when a materially false statement is made, when a material fact is omitted or when a partial disclosure is made that is materially misleading. *O'Reilly v. Transworld Healthcare, Inc.*, 745 A.2d 902, 916 (Del. Ch. 1999). A fraud is defined as, "[a] knowing misrepresentation of the truth or concealment of a

material fact to induce another to act to his or her detriment." *Black's Law Dictionary* (8th ed. 2004). Therefore, Rule 9(b) applies to this alleged misrepresentation.

The alleged misrepresentation that "the goal of restoring Baldwin to profitability is close at hand" supplanted by other allegations in the FAC satisfies the requirements of Rule 9(b). The allegations identify the time, place and contents of this misrepresentation upon which the Plaintiff's relied as well as the identity of the persons making the misrepresentation. Further, these allegations give defendants notice of the nature of the misrepresentation claim.

The Defendants argue that materiality must be pled with specificity and considered by the Court regarding Plaintiffs' breach-of-fiduciary-duty claim of misrepresentation. However, while materiality is a pleading requirement set forth in the Private Securities Litigation Reform Act for securities fraud claims, it is not a requirement set forth in Rule 9(b) for common-law fraud claims. Therefore, there is no requirement that materiality be pled for a common-law breach-of-fiduciary-duty claim of misrepresentation.

Even if Plaintiffs' breach-of-fiduciary-duty claims regarding misrepresentation were to fail in the pleading stage because they are immaterial, which is not the case, other breach-of-fiduciary-duty claims made by Plaintiffs would survive Defendants' Motion To Dismiss. In addition to the breach-of-fiduciary-duty claims regarding misrepresentation, the Plaintiffs have presented allegations that the Defendants violated their fiduciary duties of good faith and loyalty. For example, the FAC includes allegations that, "in the face of ever increasing financial distress, the Director Defendants failed to actively pursue additional reasonable independent and objective inquiry as to alternatives, failed to actively monitor management's performance, failed to take substantive corrective action, and instead acted to entrench Hendricks in her position so

that the Company would be seriously penalized if the Board were to actually terminate her for her mismanagement." (FAC ¶39(h).) This allegation is supported by specific allegations of failures to act. (FAC ¶¶52, 53, 58.) For another example, the FAC includes allegations that the Defendants breached their duty of loyalty when the selected directors for the purpose of preserving the existing directors' position of control. (FAC ¶¶90-97.) Both of these pleading examples satisfy the notice pleading requirements of Rule 8.

## Conclusion

A court may reconsider an interlocutory order, such as the Order entered by this Court on March 16, 2005. And, in this case, the Court elects to consider the Defendants' Motion for Reconsideration of the Order.

Upon reconsideration, the Court finds that Federal pleading standards apply to claims based upon state law that are brought in a Federal court. Specifically, Fed.R.Civ.P. 9(b) applies to fraud claims such as the misrepresentation claim addressed in the Order and the general pleading requirements of Rule 8 apply to other common law claims.

The misrepresentation claim addressed in the Order is pled with the particularity required by Rule 9(b) which does not include that materiality be pled with specificity. In addition, other breach-of-fiduciary-duty claims pled in the FAC are pled with the particularity required by Rule 8. Therefore, Defendants' Motion for Reconsideration of the Court's Order on their Motion To Dismiss is OVERRULED. The Unsecured Creditors and shareholder Plaintiffs' request to reconsider the dismissal of their Second and Third Claims for Relief is MOOT. The Unsecured Creditors' First Claim for Relief for breach of fiduciary duty remains to be adjudicated.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Seventh day of September, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record