# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, et al.,

       Plaintiffs,       :       Case No. 1:04-cv-066

                                    District Judge Thomas M. Rose
    -vs-                                 Chief Magistrate Judge Michael R. Merz

                              :

KAREN L. HENDRICKS, et al.,

       Defendants.

---

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

---

       This case is before the Court on Plaintiff's Motion for Partial Summary Judgment of liability against all Defendants (Doc. No. 45). Defendants oppose the Motion (Doc. Nos. 76, 81) and Plaintiff has filed separate reply memoranda as to each set of Defendants (Doc. Nos. 93, 95).

       The summary judgment motions in this case have been separately referred to the Magistrate Judge (Doc. No. 68). As dispositive motions, they require a report and recommendations. Although Defendants have also filed motions for summary judgment, the competing motions are not "true" cross-motions for summary judgment. Compare Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §2720 (1998), on the situation where parties make cross-motions but do not concede the facts are truly undisputed from the opposing party's perspective as well as their own.

       Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine

issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id.* The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th

Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n*., 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

3

**Presently Pending Claims**

Plaintiff's claims which are at issue on the instant Motion are made in the First Amended Complaint ("FAC"), filed August 26, 2002[1]. On March 17, 2005, Judge Rose granted in part and denied in part Defendants' then-pending Motion for Summary Judgment, considering it under the standard for review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Entry and Order, Doc. No. 9).  He concluded:

> The Unsecured Creditors identified at least one allegation of actions taken by Board members that arguably entails a breach of the duty of loyalty. The duty of loyalty is a subset of the Board of members' fiduciary duties and one that is not exculpated by Baldwin's Certificate of Incorporation.
>
> However, the Shareholder Plaintiffs have not sufficiently pled a derivative action. Therefore, to the extent that Plaintiffs' breach-of-fiduciary duty claim is brought by the Shareholder Plaintiffs on a derivative basis, it is DISMISSED. In addition, the Shareholder Plaintiffs have not identified a remedy appropriate for a Delaware common law breach-of fiduciary-duty claim brought on an individual basis. Therefore, to the extent the Shareholder Plaintiffs' breach-of-fiduciary-duty claim is brought on a individual basis, it is DISMISSED.
>
> The Motions To Dismiss Plaintiffs' First Claim for Relief are GRANTED IN PART and  OVERRULED IN PART. They are overruled insofar as the Unsecured Creditors have sufficiently pled a breach-of-fiduciary-duty claim against Hendricks and the Director Defendants. They are granted insofar as the Shareholder Plaintiffs have not sufficiently pled a breach-of-fiduciary-duty claim.
>
> Next, Plaintiffs have not sufficiently pled any claims pursuant to Section 10(b) and Rule 10b(5). Therefore, the Motions To Dismiss Plaintiffs' Second Claim for Relief for violation of Section 10(b) and Rule 10b(5) are GRANTED. Plaintiffs' Second Claim for Relief is DISMISSED.
>
> Finally, Plaintiffs' Section 20(a) claim is derivative of their Section 10(b) be claim which has been dismissed. Therefore, Hendricks' Motion To Dismiss Plaintiffs' Third Claim for Relief for violation of

---

[1] Plaintiffs moved to file a second amended complaint on February 5, 2007 (Doc. No. 27). The Magistrate Judge denied that motion on August 10, 2007, and no appeal was taken.

>   Section 20(a) is GRANTED. Plaintiffs' Third Claim for Relief is DISMISSED.

*Id*. at 37-38. Thus the First Claim for Relief – breach of fiduciary duty by Defendant Hendricks and the Defendant Directors – is the claim remaining to be adjudicated. *Id*.

**Analysis**

Plaintiff asserts that all Defendants[2] violated their fiduciary duties to the Debtor, Baldwin Piano and Organ Company, which they owed the Debtor as directors of the company under Delaware corporate law.[3] Those fiduciary duties are described as duties of care[4], loyalty, and good faith, the latter two being functionally the same. *Cede Co. v. Technicolor, Inc.*, 634 A. 2d 345, 361( Del. 1993); *Stone v. Ritter,* 911 A. 2d 362, 370 (Del. 2006). Because courts are reluctant to interfere with the internal decisions of corporations, directors of most American corporations get the benefit of the business judgment rule, which is a presumption that in making business decisions, directors are fully informed and act in the best interest of the company and its shareholders. *Aronson v. Lewis*, 473 A. 2d 805, 812 (Del. 1984); *In re Walt Disney Co. Derivative Litigation*, 907 A. 2d 693, 747 (Del. Ch. 2005).

However, Plaintiff argues, in the context of a sale or break up of the business, directors of Delaware corporations do not get the benefit of the business judgment rule. Under those circumstances, their sole duty is to achieve the maximum value at a sale for the stockholders'

---

[2] Except Defendant Director Heffernan, against whom summary judgment is not sought.

[3] There is apparent agreement among the parties that Delaware law governs the question of Defendants' liability. See Entry and order, Doc. No. 9, at 5.

[4] Judge Rose has previously determined that Delaware corporate law and the Baldwin Certificate of Incorporation absolve Defendant Directors and Defendant Hendricks in her capacity as a director from liability for any breach of the duty of care. Entry and Order, Doc. No. 9 at 7, citing *Emerald Partners v. Berlin*, 787 A. 2d 85, 90 (Del. 2001).

benefit. *Revlon, Inc., v. MacAndrews & Forbes Holdings, Inc.*, 506 A. 2d 173, 182 (Del. 1986); *Mills Acquisition Co. v. MacMillan, Inc.*, 559 A. 2d 1261, 1288 (Del. 1988). Once a company comes within the *Revlon* doctrine, Delaware law requires enhanced scrutiny of director conduct and directors have the burden of proving that they were adequately informed of all material facts and that they acted reasonably. *Paramount Communications, Inc., v. QVC Network, Inc.,* 673 A. 2d 34, 43-45 (Del. 1994). Application of *Revlon* is triggered, Plaintiff says,

> in any one of three specific circumstances: (i) where a corporation initiates an active bidding process seeking to sell itself; (ii) where a corporation initiates a reorganization involving a breakup of the company; and (iii) where, in response to a bidder's offer, a company abandons its long-term strategy to pursue an alternative transaction involving a breakup of the company.

(Plaintiff's Motion, Doc. No. 45, at 47, citing *Paramount Communications, Inc., v. Time, Incorporated,* 571 A. 2d 1140, 1150 (Del. 1989).

Defendant Hendricks in opposing the Motion does not disagree with this general statement of Delaware corporate law. Instead, she argues at length that none of the triggering events required to bring *Revlon* into play actually happened during the relevant time period at Baldwin Piano. She contends:

> 1) during Defendants' tenure, they did not commit to selling the Company; 2) Baldwin never initiated a bidding process or a sale or break-up of the Company; 3) the Board never abandoned Baldwin's long-term strategic plan; and 4) Baldwin never received any bona fide offers for its music division or the Company as a whole. Accordingly, there was no change of control transaction for which Hendricks and the Director Defendants would have to prove the "entire fairness" of their conduct or that a court would analyze with "enhanced scrutiny."

(Hendricks' Memorandum in Opposition, Doc. No. 81, at 1.) She also argues at length that the evidence relied on by Plaintiff does not prove that she engaged in self-dealing or abused her corporate position. *Id*. at 19-23.

7

In its Reply Memorandum as to defendant Hendricks (Doc. No. 93), Plaintiff argues at length the evidence which shows that Baldwin was for sale and concludes "defendant's response is essentially a counter statement of facts, at best suggesting a genuinely disputed question." *Id*. at 2. As to Defendant Hendricks' duty of loyalty, Plaintiff captions this portion of the Reply Memorandum "There is a persuasive record from which to conclude that Hendricks violated her duty of absolute good faith and undivided loyalty."

The Director Defendants' position parallels that of Defendant Hendricks; they also assert that the events needed to trigger *Revlon* duties did not occur or, to put it another way, the events on which Plaintiff relies for triggering do not unequivocally support that conclusion (Memorandum in Opposition, Doc. No. 76). Furthermore, they contend that even if *Revlon* did apply, there is not any evidence, much less unequivocal evidence, from which to conclude they did not meet their *Revlon* obligations.

In its Reply Memorandum as to the Director Defendants (Doc. No. 95), Plaintiff again recites at length the evidence supporting a conclusion that the company was for sale. *Id*. at 2-8. It tehn argues for ten pages (9-19) the evidence which it says "supports a conclusion that the Director Defendants failed their duties of good faith and loyalty." *Id*. at 9.

A court can grant a plaintiff summary judgment only if, on the undisputed facts, a reasonable fact finder would be compelled to grant plaintiff judgment. Most importantly, trial judges may not use summary judgment motions as occasions to weigh the evidence, unless the evidence opposing the motion is so insubstantial that it would not support a jury verdict.

> Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Adickes [v. S. H. Kress & Co.]*, 398 U.S. [144] at 158-59, 90 S. Ct. 1598, 29 L. Ed. 2d 142 [(1970)].

8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Russo v. City of Cincinnati*, 953 F.2d 1036, 1041-42 (6th Cir. 1992). There are innumerable competing inferences, material to the determination of this case, which could be drawn from the evidence which has been presented by the parties on this Motion. Only when the credibility of the witnesses has been weighed, which cannot be done on a summary judgment motion, can those ultimate questions of fact be decided.

Therefore Plaintiff's Motion for Summary Judgment should be denied.


September 27, 2008.                                         s/ **Michael R. Merz**
                                                                                Chief United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).