# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

OFFICIAL COMMITTEE OF
 UNSECURED CREDITORS, et al.,

       Plaintiffs,      :      Case No. 1:04-cv-066

                                    District Judge Thomas M. Rose
    -vs-                              Chief Magistrate Judge Michael R. Merz

                               :

KAREN L. HENDRICKS, et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS ON DEFENDANT HENDRICKS'
## MOTION FOR SUMMARY JUDGMENT

This case is before the Court on Motion for Summary Judgment of Defendant Karen Hendricks (Doc. No. 66). Plaintiff has combined its opposition to this Motion with its opposition to the Summary Motion of the Director Defendants in one document (Doc. No. 74), and Defendant Hendricks has filed a reply memorandum in support (Doc. No. 101).

As noted in the Report and Recommendations on Plaintiff's summary judgment motion, although all parties have sought summary judgment in this case, these are not true "cross-motion" for summary judgment. See Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §2720 (1998), on the situation where parties make cross-motions but do not concede the facts are truly undisputed from the opposing party's perspective as well as their own.

The standard for deciding summary judgment motions set forth in the Reports and Recommendations on Plaintiff's summary judgment motion and that of the Director Defendants (Doc. Nos. 134, 143) is fully applicable here and incorporated by reference.

1

**Claims Pending Against Defendant Hendricks**

In deciding Defendants' Motions to Dismiss under Fed. R. Civ. P. 12(b)(6), Judge Rose determined that Plaintiff had properly pled in the First Amended Complaint ("FAC")[1] a claim for relief against all Defendants for breach of their fiduciary duty of loyalty to Baldwin Piano & Organ. Plaintiff's second and third claims for relief under federal securities law were dismissed and Judge Rose found that Baldwin's Certificate of Incorporation exculpated the Director Defendants from any liability for breach their fiduciary duty of care, but that such exculpation did not apply to Defendant Hendricks in her capacity as CEO and President.  (Entry and Order, Doc. No. 9, at 13.)  Thus the question before the Court on the instant Motion is whether Plaintiff has produced sufficient evidence to sustain a jury verdict against Defendant Hendricks for breach of her fiduciary duty of loyalty or care.

The factual background set forth in the Report and Recommendations on Defendant Directors' Motion for Summary Judgment (Doc. No. 143 at 4-6) is incorporated herein by reference

**Positions of the Parties**

**Defendant Hendricks' Motion**

Defendant Hendricks makes the following arguments:

1. She is not liable on a theory of breach of fiduciary duty for failing to disclose information or by making misrepresentations.  (Hendricks' Motion, Doc. No. 66, at 6-7.)

2. She is not liable under a theory that she violated her oversight duties under *In re Caremark*

---

[1] The First Amended Complaint is the operative pleading at this point in the case.  It was docketed as Doc. No. 22 in the Bankruptcy Court where it was filed August 26, 2002, before this Court adopted electronic filing.  The Clerk has now scanned and attached the Bankruptcy Court filings to the docket in this Court (See Doc. Nos. 137-144).  Plaintiff's motion to file a second amended complaint was denied over a year ago.  (See Doc. No. 38)

2

*International, Inc., Derivative Litigation*, 698 A. 2d 959 (Del. Ch. 1996).  *Id*. at 7-10.

3. She is not liable on a theory that she breached her fiduciary duty of loyalty by controlling the selection of directors to preserve her own position of control.  *Id*. at 10-12.

4. She is not liable on a theory she breached her fiduciary duty of loyalty by engaging in self-dealing or abusing her corporate position.  *Id*. at 12-18.

5. Plaintiff cannot bring a direct action against Defendant Hendricks for losses by creditors.  *Id*. at 18-20.

**Plaintiff's Response**

Plaintiff has combined its opposition to Defendant Hendricks' Motion for Summary Judgment and the Defendant Directors' Motion into one document, Plaintiff's Combined Memorandum, Doc. No. 74, so the arguments directed to the two sets of Defendants must be disentangled.

Plaintiff argues at length that the questions (1) whether the *Revlon* standard was triggered and (2) whether the Defendants breached their fiduciary duties under *Caremark*, *supra,* are questions of fact for trial (Combined Memorandum, Doc. No. 74 at 1-8)  It bases its argument that the Defendants failed in their oversight function on extended citation to the report of its expert Bart A. Brown.  *Id*. at 10-15.  It asserts that "knowing misrepresentations made in connection with volunteered predictions of future financial performance, or in connection with a request for shareholder action, violate a director's fiduciary duty of complete candor," followed by eight pages of asserted misrepresentations. *Id*. at 15-23.  Finally, it asserts there is a genuine issue of material fact whether defendants acted to entrench themselves.  *Id*. at 23-29.  It ends the Combined Memorandum by agreeing with the Director Defendants that it cannot pursue and is therefore not pursuing any direct claim of any creditor against the Defendants.  *Id*. at 29-30.

**Defendant Hendricks' Reply**

Defendant Hendricks argues that, because Plaintiff did not separately identify any act done by her solely in her capacity as an officer, she cannot be held liable for breach of her duty of care. (Reply Memorandum, Doc. No. 101, at 2-3.) Second, she asserts Plaintiff cannot sustain a claim that she violated any fiduciary duties under in *Revlon, Inc., v. MacAndrews & Forbes Holdings, Inc.*, 506 A. 2d 173, 182 (Del. 1986). *Id*. at 3-8. Third, she contends Plaintiff has insufficient evidence that she knowingly and deliberately disregarded her fiduciary duties under *Caremark, supra. Id*. at 8-10. Fourth, she asserts there is inadequate proof she sought to entrench herself. *Id*. at 10-11. Fifth, she notes that Plaintiff cannot establish a breach of the duty of loyalty by making false or misleading disclosures. *Id*. at 18. Last, she again notes that Plaintiff cannot recover for the unsatisfied claims of Baldwin's creditors. *Id*. at 18-20.

**Analysis**

*Revlon:* For the reasons set forth in the Report and Recommendations of the Director Defendants' Motion for Summary Judgment (Doc. No. 143 at 9-10), there are no facts upon which a reasonable finder of fact could conclude that the enhanced scrutiny standard of *Revlon* should be applied to the Defendant Hendricks.

**Duty to Disclose Theory:** For the reasons set forth in the Report and Recommendations of the Director Defendants' Motion for Summary Judgment (Doc. No. 143 at 12), Plaintiff cannot rely on newly alleged misrepresentations that were not pleaded in the FAC. The statements relied upon by Plaintiff which were pled in the FAC have already been determined by Judge Rose not to be material (Entry and Order, Doc. No. 9). Plaintiff's claim to recover on the basis of asserted

4

misrepresentations by Defendant Hendricks should be dismissed with prejudice.

**Claims of Creditors:** As noted by Defendant Hendricks, under Delaware law, creditors do not have a right of action against corporate officers or directors for claims of the creditors against the corporation. *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A. 2d 92 (Del. 2007). Plaintiff responds that the $24 million in unpaid creditors' claims which its damages expert asserts are part of the corporation's damages in this case are a claim not for the creditors, but about the extent of the company's negative net worth at the time of bankruptcy. The Court agrees with Defendant Hendricks' response: the effect of adopting that reasoning would deprive the *North American Catholic* holding of any meaning. Plaintiff cannot recover the $24 million as general damages.

**Breach of Duties of Care and Loyalty:** Although Plaintiff has not carefully distinguished in its Combined Memorandum between alleged breaches of the duty of care by Defendant Hendricks and alleged breaches of the duty of loyalty, it has presented sufficient evidence from which a reasonable fact finder could conclude that she breached each of those duties and is therefore liable to the company. Even apart from the expert report of Bart Brown, for which there is an inadequate foundation under Fed. R. Civ. P. 56(e), there is evidence of record which requires a trial. No exhaustive examination of that evidence will be made here, because a trial judge deciding a motion for summary judgment should not be determining credibility or weighing the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), citing *Adickes [v. S. H. Kress & Co.]*, 398 U.S. [144] at 158-59, 90 S. Ct. 1598, 29 L. Ed. 2d 142 [(1970)].; *see also Russo v. City of Cincinnati*, 953 F.2d 1036, 1041-42 (6th Cir. 1992). With respect to the duty of care, it is sufficient to note that shareholders, former executives, dealers, and members of the board

5

questioned seriously the management of the company during the time Defendant Hendricks was president, not just after her strategic plan failed.

The evidence Plaintiff has assembled suggesting breach of the duty of loyalty is stronger yet. While Defendant Hendricks testifies to reason for various of her actions which are consistent with a proper corporate purpose, her actions are also amenable of a different interpretation. Her lapses of memory about the relationship with Mr. Siegal of the Arnold and Porter firm, along with his similar lapses, call the credibility of each of them into question. While she suggests good reasons for blocking the Marks-Kimble management buyout proposal, it is admitted that she knew she would not be CEO under their plan and that fact is consistent with a motive on her part to block the plan in her own interest, as opposed to the interests of Baldwin shareholders. Summary judgment is particularly inappropriate where liability may turn on the motives of an actor for certain conduct and the conduct is not so self-evidently disinterested as to preclude finding a disloyal motive. See Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2730. Because Defendant Hendricks' motives are strongly at issue in this case, her testimony that she was motivated only by the good of the company must be tested at trial.

## Conclusion

In accordance with the foregoing analysis, the Motion for Summary Judgment of Defendant Karen Hendricks should be granted as to the *Revlon* claim, granted as to the misrepresentation claim(s), granted as to the attempt of Plaintiff to recover damages for the corporation measured by

the unpaid claims of creditors as of the date of bankruptcy, and otherwise denied.

October 1, 2008.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).