**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

IN RE: DWIGHT'S PIANO COMPANY,
DEBTOR

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, on its own behalf and on behalf
of Dwight's Piano Company, et al.,

                Plaintiffs,

vs-

KAREN L. HENDRICKS, et al.,

                Defendants.

Case No. 1-:04-CV-066

(formerly Bankruptcy Court
Case No. 01-13951; Adversary
Proceeding No. 02-1158)

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING THE UNSECURED CREDITORS' OBJECTIONS (Doc. #151) TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON THEIR MOTION FOR SUMMARY JUDGMENT(Doc. #134); ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON THE UNSECURED CREDITORS' MOTION FOR SUMMARY JUDGMENT IN ITS ENTIRETY; OVERRULING THE UNSECURED CREDITORS' OBJECTIONS (Doc. #152) TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON THE DIRECTOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. #143); ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS REGARDING THE DIRECTOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. #143) IN ITS ENTIRETY; OVERRULING HENDRICKS' OBJECTIONS (Doc. #153) TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON HER MOTION FOR SUMMARY JUDGMENT AND ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON HENDRICKS' MOTION FOR SUMMARY JUDGMENT (Doc. #146) IN ITS ENTIRETY**

---

Baldwin Piano and Organ Company ("Baldwin", n.k.a. Dwight's Piano Company) was a well-known piano manufacturer and marketer of acoustic and digital keyboard instruments.

Baldwin was a corporation registered in the State of Delaware. On May 31, 2001, Baldwin filed for protection under Chapter 11 of Title 11 of the Bankruptcy Code.

This action was commenced in the Bankruptcy Court for the Southern District of Ohio in Cincinnati on May 30, 2002, as an Adversary Proceeding in Baldwin's Chapter 11 case. The Chapter 11 case is No. 01-13951 and the Adversary Proceeding is Case No. 02-1158.

About thirty days after the Adversary Proceeding was filed, the Director Defendants filed a motion in the United States District Court for the Southern District of Ohio, Western Division in Cincinnati, for withdrawal of reference. On May 12, 2003, this Motion was granted in Case No. 1:02-MC-031. The matter was then reassigned and given its current Case No. 1:04-CV-066.

The Plaintiffs in this action initially were the Official Committee of Unsecured Creditors of Baldwin (the "Unsecured Creditors") and four alleged Baldwin shareholders ("the Shareholder Plaintiffs"). The Defendants in this action initially were six Baldwin Directors (collectively the "Director Defendants") and Karen L. Hendricks ("Hendricks") who was both a director and officer of Baldwin.

Pursuant to Motions To Dismiss filed by the Defendants, this Court dismissed Plaintiffs' Second Claim for Relief for violations of Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder and dismissed Plaintiffs' Third Claim for Relief for violation Section 20(a) of the Exchange Act. (Doc. #9, incorrectly captioned as a ruling on motions for summary judgment.) This Court also dismissed Count One of the Complaint to the extent that it was brought by the Shareholder Plaintiffs. Remaining to be adjudicated were Count One of the Complaint brought by Unsecured Creditors against Hendricks and the Director Defendants for breach of fiduciary duty.

Following discovery, Motions for Summary Judgment were filed by the Unsecured Creditors, Hendricks and the Director Defendants. (Docs. #45, #66 and #67.) These Motions for Summary Judgment were referred to Chief Magistrate Judge Michael R. Merz pursuant to 28 U.S.C. § 636(b). (Doc. #68.)

Chief Magistrate Judge Merz issued Report and Recommendations on all three Motions for Summary Judgment. (Docs. #134, 143, 146.) The unsuccessful party in each case filed objections and the successful party or parties filed responses to the objections. The District Judge has made a de novo review of the record on this matter, and the Motions for Summary Judgment in particular, and, pursuant to 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b) makes the following findings:

## UNSECURED CREDITOR'S MOTION FOR SUMMARY JUDGMENT

Chief Magistrate Judge Merz recommends that the Unsecured Creditor's Motion for Summary Judgment (Doc. #45) be overruled because there are genuine issues of material fact as to whether all Defendants violated their fiduciary duties. To this, the Unsecured Creditors objected.

Upon consideration of the record in this matter, the Court finds that the Unsecured Creditor's Objections are not well founded and are hereby OVERRULED. Chief Magistrate Judge Merz's Report and Recommendations regarding the Unsecured Creditor's Motion for Summary Judgment is ADOPTED IN ITS ENTIRETY. The Unsecured Creditor's Motion for Summary Judgment is OVERRULED.

## DIRECTOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Chief Magistrate Judge Merz recommends that the Director Defendants' Motion for Summary Judgment be granted and the remaining claim against them be dismissed with prejudice. The Unsecured Creditors have not produced sufficient evidence to sustain a jury verdict against one or more of the Director Defendants for breach of their duty of loyalty. To this, the Unsecured Creditors object.

Chief Magistrate Judge Merz first finds that the Unsecured Creditors have offered no opposition to the assertion that they have no case against Director Defendant Hefernan. He then finds that the enhanced scrutiny standard of *Revlon* should not be applied to the Director Defendants. Chief Magistrate Judge Merz concludes that none of the three theories of liability asserted by the Unsecured Creditors against the Director Defendants are viable. The abdication theory is not viable because the evidence presented by the Unsecured Creditors does not support a conclusion that the Director Defendants breach their fiduciary duty by abdicating their duty to oversee management of the Company. The duty-to-disclose theory is not viable because the First Amended Complaint does not set forth actionable misrepresentations and the Unsecured Creditors have not offered any theory under which they could legitimately amend their First Amended Complaint to add additional alleged misrepresentations. Finally, the entrenchment theory is not viable because the Unsecured Creditors have offered no evidence from which a reasonable finder of fact could conclude that any of the Director Defendants violated a duty of loyalty to the Company by acting on any occasion to further their own interests. In sum, Chief Magistrate Judge Merz recommends that the Director Defendants' Motion for Summary Judgment be granted and the remaining Cause of Action against them be dismissed.

Upon consideration of the record in this matter, the Court finds that the Unsecured Creditor's Objections are not well founded and are hereby OVERRULED. Chief Magistrate Judge Merz's Report and Recommendations regarding the Director Defendants' Motion for Summary Judgment is ADOPTED IN ITS ENTIRETY. The Director Defendants' Motion for Summary Judgment is GRANTED.

## HENDRICK'S MOTION FOR SUMMARY JUDGMENT

Chief Magistrate Judge Merz recommends that Hendrick's Motion for Summary Judgment be granted as to the *Revlon* claim, granted as to the misrepresentation claims, granted as to the attempt of the Unsecured Creditors to recover damages for the corporation measured by the unpaid claims of creditors as of the date of bankruptcy and otherwise denied. To this, the Unsecured Creditors object.

The Unsecured Creditors agree that they cannot pursue and are not pursuing any direct claim against the Defendants. The Chief Magistrate Judge then determined that the Unsecured Creditors cannot rely on newly alleged misrepresentations that were not pled in their First Amended Complaint as briefly discussed above. He concluded, however, that the Unsecured Creditors have presented sufficient evidence from which a reasonable fact finder could conclude that Hendricks breach her duties of care and loyalty.

Upon consideration of the record in this matter, the Court finds that Hendricks' Objections are not well founded and are hereby OVERRULED. Chief Magistrate Judge Merz's Report and Recommendations regarding Hendricks' Motion for Summary Judgment is ADOPTED IN ITS ENTIRETY.

Hendricks' Motion for Summary Judgment is GRANTED IN PART and OVERRULED IN PART. Hendricks' Motion for Summary Judgement is granted as to the *Revlon* claim, granted as to the misrepresentation claims and granted as to the attempt by the Unsecured Creditors to recover damages from the corporation measured by the unpaid claims of the creditors as of the date of bankruptcy. The Unsecured Creditors' claim against Hendricks for breach of her duties of care and loyalty remains to be adjudicated.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Fourth day of December, 2008.

**s/Thomas M. Rose**
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record