**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

IN RE: DWIGHT'S PIANO COMPANY,
DEBTOR

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, on its own behalf and on behalf
of Dwight's Piano Company, et al.,

                Plaintiffs,

vs-

KAREN L. HENDRICKS, et al.,

                Defendants.

Case No. 1-:04-CV-066

(formerly Bankruptcy Court
Case No. 01-13951; Adversary
Proceeding No. 02-1158)

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING HENDRICKS' MOTION IN
LIMINE TO EXCLUDE PLAINTIFFS' PROPOSED EXPERT BART A
BROWN, JR. (Doc. #99); GRANTING IN PART AND OVERRULING IN
PART HENDRICKS' MOTION IN LIMINE TO EXCLUDE IRMA RUDAT
AS A WITNESS AND ALL EVIDENCE RELATED TO MATTERS
RAISED IN THE DECLARATIONS OF RUDAT AND FRANCISCO G.
LLACA, JR. AND THE AFFIDAVIT OF ROBERT J. JONES (Doc. #119)
AND GRANTING IN PART AND OVERRULING IN PART HENDRICKS'
MOTION IN LIMINE TO EXCLUDE TESTIMONY OR OTHER
EVIDENCE RELATING TO ALLEGED VIOLATIONS OF THE DUTY
OF CARE OR FEDERAL SECURITIES LAWS (Doc. #120)**

---

This matter is set for trial to the Court beginning April 20, 2009. The proposed Final Pretrial Order is to be filed not later than March 9, 2009, and the Final Pretrial Conference will be held in chambers at 3:00 p.m. on March 18, 2009.

The remaining Plaintiff in this matter is the Official Committee of Unsecured Creditors of Dwight's Piano Company (the "Unsecured Creditors"). The remaining Defendant is Karen L.

Hendricks ("Hendricks").[1] The remaining claim is that Hendricks breached her duties of care and loyalty to Baldwin Piano Company, the predecessor to Dwight's Piano Company.

Three Motions in Limine have been filed by Hendricks and the Director Defendants. (Docs. #99, 119 and 120.) Since the Director Defendants have been dismissed, these three motions will be considered to have been submitted by Hendricks.

The first Motion In Limine seeks to exclude Plaintiffs' proposed expert Bart A Brown, Jr.'s testimony. (Doc. #99.) This Motion is fully briefed and ripe for decision.

The second Motion In Limine seeks to exclude Irma Rudat as a witness and seeks to exclude all evidence related to matters raised in the declarations of Rudat and Francisco G. Llaca, Jr. and the Affidavit of Robert J. Jones. (Doc. # 119.) The time has run and Plaintiffs have not responded to this Motion. It to, then, is ripe for decision.

The third Motion In Limine seeks to exclude testimony or other evidence relating to alleged violations of the duty of care or federal securities laws. (Doc. #120.) This Motion is also fully briefed and ripe for decision.

## RELEVANT LEGAL PROVISIONS

The practice of ruling on motions in limine, although not specifically authorized by the Federal Rules of Evidence or the Federal Rules of Civil Procedure, has developed pursuant to the district court's inherent authority to manage the conduct of trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to permit the Court to decide evidentiary

---

[1] Joseph H. Head, Jr., George E. Castrucci, Roger L. Howe, William B. Connell, John H. Gutfreund and James T. Heffernan, all Directors at various times, were also named Defendants (the "Director Defendants") but the claims against them have been dismissed at various stages of the proceedings in this matter.

issues in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial. *See Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004)(citing *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997)). Decisions on motions in limine may also save the parties time and cost in preparing for trial and presenting their cases.

Because it is almost always better situated during the actual trial to assess the value and utility of evidence, a court is reluctant to grant broad exclusions of evidence in limine. *Koch v. Koch Industries, Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan. 1998), *aff'd in part and rev'd in part on other grounds*, 203 F.3d 1202 (10th Cir. 2000), *cert. denied*, 531 U.S. 926 (2000). A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Indiana Insurance*, 326 F. Supp.2d at 846. If this showing is not made, evidentiary rulings should be deferred and resolved in the context of the trial. *Id.*

Ultimately, whether a motion in limine is granted or overruled is a matter left to the sound discretion of the trial court. *See Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 643-44 (5th Cir. 2005). Each of Hendricks' pending motions in limine will next be addressed keeping in mind that the overruling of a motion in limine at this stage in the proceedings does not necessarily mean that the subject evidence will be admissible in the context of the trial.

### HENDRICKS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF BART A. BROWN, JR.

Hendricks' first Motion In Limine seeks to exclude the expert testimony of Bart A. Brown, Jr. ("Brown"). Hendricks argues that Brown is not qualified to render the specific opinions he gives and the opinions are not based upon any reliable methodology. The Unsecured

Creditors respond that Brown is qualified to render expert opinions in this case regarding acts, omissions and decisions made by Hendricks and that Brown's opinions are the product of reliable principles and methods.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides that an expert may be qualified by knowledge, skill, experience, training or education. Rule 702 also provides that an expert may offer an opinion if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Finally, Rule 702 requires that expert testimony assist the trier of fact to understand the evidence. Id. In sum, expert testimony must be excluded by the trial judge unless it is both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

Brown served as the Chief Executive Officer of such public companies as Color Tile, Main Street (T.G.I. Friday's franchisee), Spreckels Industries and the Circle K Corporation. (Doc. #108, Ex. A.) He has also served as a director of such public companies as American Financial, Factory Card Outlet, Liberty House, Meridian Diagnostic, Jayhawk Financial, Berry Jewelers and Edison Brothers. (Id.) In most cases, Brown was involved due to his expertise in managing "financially-troubled" companies. (Id.)

Brown has also spent more than thirty years as a lawyer advising corporate clients on various corporate matters including mergers, acquisitions, bankruptcies, reorganizations and business practices. (Id.) He has served as a bankruptcy Trustee for Fox Meyer, a $5 billion pharmaceutical company, and for the Metromedia Fiber Network Litigation Trust. Finally, Brown has a Bachelor of Science degree in accounting and Bachelor of Law and Masters of Law

degrees.

Hendricks argues that Brown is not qualified as an expert because he does not have any experience in the specific industry at issue in this case, because the services that he provided in his legal career do not qualify him as an expert and because he indicated in his deposition that corporate governance issues were not his "province." However, these arguments go to the weight to be given Brown's testimony and not to whether he is qualified to testify as an expert.

Rule 702 explicitly provides that an expert may be qualified by experience. *See United States v. Jones*, 107 F.3d 1147, 1161 (6th Cir. 1997). In this case, Brown's experience in managing and directing financially-troubled companies will help the trier of fact understand evidence relating to acts, omissions and decision-making of corporate officers of a financially-troubled public corporation. Therefore, Brown is qualified to offer expert testimony in this case.

Hendricks also argues that Brown's opinions are not based upon any reliable methodology. In this case, the Unsecured Creditors do not suggest that Brown intends to offer scientific testimony. Rather, Brown's testimony falls under the "technical, or other specialized knowledge" component of Rule 702, a critical distinction.

The "reliability factors" set forth in Daubert may not be helpful in cases involving expert testimony derived largely from practical experiences. *First Tennessee Bank National Association v. Barreto*, 268 F.3d 319, 335 (6th Cir. 2001). "Opinions formed in such a manner do not easily lend themselves to scholarly review or to traditional scientific evaluation." *Id.*

Therefore, Hendricks' argument that Brown's opinions are not based upon any reliable methodology are not well founded. In this case, Brown's opinions are presumably based upon his experience as an officer, director and counselor to financially troubled public corporations.

This is enough to satisfy Rule 702. *See id.* Hendricks is, of course, free to cross examine Brown as to the details of his qualifications and as to his opinions on business customs, standards and practices as they relate to Baldwin. She is also free to offer evidence to the contrary of Brown's expert opinions.

The Unsecured Creditors have established, at this time, that Brown is qualified and that his testimony is reliable. Further, Hendricks has not shown that Brown's testimony is clearly inadmissible for all purposes at this time. Therefore, Hendricks' Motion In Limine to exclude Brown's testimony is OVERRULED.

The Parties are reminded, however, that Brown may testify only as to issues of fact. *In re Safety-Kleen Corporation Rollins Shareholders Litigation*, No. 3:00-1343-17, 2004 WL 5504972 at *2 (D.S.C. Aug. 30, 2004). These issues of fact may include general corporate governance structure, the role of officers and directors, and general examples of what Brown believes are good corporate practices in conformance with industry custom. *Id.* Brown may not, however, offer expert testimony on the ultimate legal conclusion as to whether Hendricks breached her duties of care and loyalty. *United States v. Zipkin*, 729 F.2d 384, 386 (6th Cir. 1984), *In re Safety-Kleen*, 2004 WL 5504972 at #2.

**HENDRICKS' MOTION IN LIMINE TO EXCLUDE IRMA RUDAT AS A WITNESS AND ALL EVIDENCE RELATED TO THE MATTERS RAISED IN THE DECLARATIONS OF RUDAT AND FRANCISCO LLACA, JR. AND THE AFFIDAVIT OF ROBERT J. JONES**

Hendricks' second Motion In Limine seeks to exclude Irma Rudat ("Rudat") as a witness and seeks to exclude all evidence related to the matters contained in the Declarations of Rudat and Francisco G. Llaca, Jr. ("Llaca") and the Affidavit of Robert P. Jones ("Jones"). The Unsecured Creditors have not responded to this Motion In Limine.

Subsequent to this second Motion In Limine being filed, Chief Magistrate Judge Merz issued a Decision and Order granting Hendricks' Motion To Strike the Declarations of Rudat and Llaca and Jones' Affidavit. (Doc. #123.) To this, the Unsecured Creditors objected. (Doc. #124.) The District Judge then overruled the Unsecured Creditor's objections and affirmed the Chief Magistrate Judge's Decision and Order. (Doc. #130.)

Rudat's Declaration was struck because she was never disclosed as a witness on the three formal occasions for doing so during the litigation and the delay in disclosing her as a witness was unreasonable. Therefore, Rudat is excluded as a witness at trial.

Llaca's testimony was limited to the scope disclosed in the Unsecured Creditor's witness disclosure. In the witness disclosure, the Unsecured Creditors identified Llaca as having information with respect to Bolero Investment Group, identified as a shareholder of Baldwin Piano. Therefore, Llaca's testimony, if offered and determined at trial to be relevant, is limited to information with respect to Bolero Investment Group.

Finally, Jones' legal conclusions were stricken and portions of his Affidavit were stricken because they are based upon hearsay. Therefore, Jones' testimony, if offered and determined at trial to be relevant may not include legal conclusions or be based upon hearsay.

In sum, Hendricks' Motion In Limine is GRANTED IN PART and OVERRULED IN PART. It is granted as to the exclusion of Rudat as a witness. It is overruled to the extent that, "all evidence related to matters raised in the Declarations of Rudat and Llaca and Jones' Affidavit" encompasses a very broad scope and the Court cannot determine at this time if this evidence is clearly inadmissible under all circumstances. However, Llaca's testimony, if offered and otherwise relevant, will be limited to information with respect to Bolero Investment Group.

And, Jones' testimony, if offered and otherwise relevant, may not include any legal conclusions and may not be based upon inadmissible hearsay.

### HENDRICKS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OR OTHER EVIDENCE RELATING TO ALLEGED VIOLATIONS OF THE DUTY OF CARE OR FEDERAL SECURITIES LAWS

In her third Motion In Limine, Hendricks seeks to exclude evidence relating to the alleged violations of the fiduciary duty of care or federal securities laws because this Court has already dismissed those claims. The Unsecured Creditors respond that this evidence may be admissible because the same facts may support claims under different legal theories.

Conceivably, the same evidence could support both a dismissed cause of action and a cause of action that is to be presented to the trier of fact. Therefore, Hendricks' argument that **any** evidence that relates to a dismissed cause of action may not be introduced is not well founded because that same evidence could be relevant to a cause of action remaining to be adjudicated. However, any evidence that relates **only** to a dismissed cause of action is, of course, irrelevant going forward.

Hendricks' Motion In Limine to exclude **all** testimony or other evidence relating to alleged violations of the duty of care or federal securities laws is OVERRULED. The remaining claim is that Hendricks breached her duties of care and loyalty to Baldwin Piano Company. Whether proffered evidence is relative to this claim will be determined in the context of the trial.

**DONE** and **ORDERED** in Dayton, Ohio this Fifth day of January, 2009.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record